Filed 3/1/22  P. v. Franklin CA1/1
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TERRELL MARQUIS FRANKLIN,<br><br>        Defendant and Appellant. | A159387<br><br>(Contra Costa County Super. Ct. No. 51412816) |

**MEMORANDUM OPINION[1]**

Defendant Terrell Marquis Franklin was charged with one count of murder (Pen. Code, § 187, subd. (a),[2] one count of attempted murder (§§ 187, subd. (a), 664), shooting at an inhabited dwelling (§ 246), and first degree residential burglary (§§ 459, 460, subd. (a)).  Personal firearm use enhancements were also alleged.  Approximately one year later, he agreed to a negotiated disposition, pleading no contest to the attempted murder charge and admitting one of the firearm enhancements.  The remaining charges and enhancements were dismissed.  He was sentenced to 12 years in state prison.

---

[1]  This appeal may appropriately be resolved by Memorandum Opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]  All further references are to the Penal Code unless otherwise indicated.

1

Defendant subsequently filed a petition for resentencing pursuant to section 1170.95, which the trial court denied on the ground the statute does not apply to convictions for attempted murder. On appeal, the only issue defendant raised was whether section 1170.95 applies to defendants, like him, who pleaded to an attempted murder charge to avoid going to trial for murder. We joined other Courts of Appeal in concluding section 1170.95, on its face, did not apply to defendants convicted of attempted murder.

Defendant petitioned for review, which the Supreme Court granted, holding the case for disposition pending its disposition of another case. On February 16, 2022 the high court remanded the matter with directions to vacate our prior decision and reconsider the matter in light of the passage of Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2).

The parties then submitted supplemental briefing on the impact of this legislation. The parties agree the legislation is applicable to defendant and that the order denying his petition should be reversed and the case remanded for further proceedings in accordance with section 1170.95.

Senate Bill No. 775 (2021–2022 Reg. Sess.) amended section 1170.95 so that relief is now available to those convicted of attempted murder. Section 1170.95, subdivision (a), now states:

> "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder* under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, *attempted murder*, or manslaughter conviction vacated and to

2

be resentenced on any remaining counts when all of the following conditions apply. . . ." (Italics added.)

This amendment was made "to '[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' (Sen. Bill No. 775, Stats. 2021, ch. 551, § 1, subd. (a).)" (*People v. Porter* (2022) 73 Cal.App.5th 644, 651–652.)

In reversing and remanding, we express no opinion on whether the trial court should grant resentencing relief.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter is remanded with instructions to proceed consistent with the pertinent provisions of section 1170.95. The matter is to be assigned to the original sentencing court, if available.

3

 

 

 

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Margulies, J.

A159387, People v. Franklin

4